**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SIERRA F. [1],

    Plaintiff

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:24-cv-3941

Bowman, M.J.

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Sierra F. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff seeks judicial review of the denial of benefits. The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c). As explained below, the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Background**

On September 4, 2019, Plaintiff's mother protectively filed an SSI application on behalf of Plaintiff (who was 13 years old at that time), alleging disability since August 11, 2019, due to generalized tonic epilepsy. (Tr. 130-135, 151, 144). The agency denied her application initially and on reconsideration. (Tr. 63-78). After holding an administrative hearing in January 2021, (Tr. 40-62), ALJ William Leland issued a decision in March 2021 finding Plaintiff not disabled (Tr. 15-23). The Appeals Council denied review of that decision (Tr. 1-8) and the United States District Court for the Southern District of Ohio subsequently ordered remand for further administrative proceedings. (Tr. 1002-1009).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

After holding a second hearing on remand (Tr. 947-975), the ALJ issued another decision on March 28, 2023, finding Plaintiff not disabled from her SSI application date of September 4, 2019, through the date of the ALJ's decision. (Tr. 921-940).

Notably, the ALJ found that Plaintiff has severe impairments of epilepsy, headaches, depression, anxiety, Tourette's syndrome, menstrual disorder, and oppositional defiant disorder. (Tr. 922). Considering those impairments, the ALJ found that Plaintiff functionally experiences "marked" limitations in only one relevant area or "domain" of her life – health and physical well-being. (Tr. 927). Specifically, the ALJ found that Plaintiff had less than a marked limitation in acquiring and using information, attending and completing tasks, interacting and relating with others, the ability to care for herself, and in moving about and manipulating objects. (Tr. 927) Because Plaintiff has only one area of "marked" limitation, the ALJ determined that she was not under disability, as defined in the Social Security Regulations, and was not entitled to SSI. (Tr. 939). The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination.

On appeal to this Court, Plaintiff argues that the ALJ erred by failing to find that Plaintiff's impairments or combination of impairments did not functionally equal the severity of the listings. Upon careful review, the undersigned finds that Plaintiff's asserted assignment of error is not well-taken.

**II. Analysis**

**A. Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). An individual under the age of eighteen will be considered to be under a disability if the child has a medically

determinable impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last, for a continuous period of not less than 12 months. *See* 42 U.S.C. §1382c(a)(3)(C)(i). The implementing regulations define the standard of "marked and severe functional limitations" in terms of "listing-level severity." *See* 20 C.F.R. §§416.902, 416.906, 416.924a, 416.926.

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . .. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

At issue is whether the ALJ erred in finding that Claimant's condition had improved to the point that she was no longer disabled as of April 2018, after she was found disabled in 2014. The Social Security Act requires proof of continued eligibility for benefits, and that benefits should terminate if an individual no longer meets the high

3

standard of disability. 42 U.S.C. § 423(f). A claimant is not entitled to a presumption of continuing disability. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In determining whether a minor continues to be disabled, an ALJ follows a three-step evaluation process. 20 C.F.R. § 416.994a(b). At step one, the ALJ determines whether the impairments the claimant had when she was found disabled have improved. 20 C.F.R. § 416.994a(b)(1). If there is improvement, the ALJ moves on to step two.

At step two, the ALJ determines whether the claimant meets a listing, equals a listing, or "functionally equals" the listings based on the impairments the claimant had when she was found disabled. In determining whether a minor's impairments functionally equal the listings, an ALJ assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a. To functionally equal the listings, the claimant's impairment must result in "marked" limitations in two of the above six functional domains or an "extreme" limitation in one of the above domains. 20 C.F.R. § 416.924a(d). If the claimant does not satisfy a specific listing and does not functionally equal the listings, then the ALJ moves on to step three.

At step three, the ALJ determines whether the claimant has any new severe impairments since the original finding of disability. 20 C.F.R. § 416.994a. If not, then the claimant is generally not disabled. See id.

Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is less than a preponderance of the evidence. *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996). The threshold for substantial evidence is "not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In federal court, the claimant carries the burden of showing that an ALJ prejudicially erred. *Shinseki v. Sanders*, 556 U.S. 396, 408-09 (2009).

### B. The ALJ's decision is supported by Substantial Evidence

As noted above, the ALJ found that Plaintiff had a marked limitation in health and physical well-being. Plaintiff, however, argues that the evidence of record supports a finding for a "marked" limitation in the domain of attending and completing tasks. As detailed above, a child's impairment(s) functionally equals the listing, and will be found disabled, if it results in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

A "marked limitation" exists when the child's impairment "interferes seriously" with the ability to independently initiate, sustain, or complete activities, regardless of whether the impairment limits only one activity in the domain, or several activities. The interactive and cumulative effects of a child's impairments must be considered; both relevant regulations and several social security rulings also require the Commissioner to consider the "whole child" in making findings regarding functional equivalence. 20 C.F.R. § 415.926a(b) and (c); *see also generally* SSR 09–1p. Relevant to Plaintiff's challenge in this case, a "marked" limitation is defined as a limitation that is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2).

5

Plaintiff argues that the ALJ erred in finding "less than marked" limitation in the domain of attending and completing tasks. The domain of attending and completing tasks requires assessment of how well a child is able to focus and maintain her attention, and how well she begins, carries through, and finishes her activities, including the pace at which she performs activities and the ease with which she changes them. See 20 C.F.R. § 416.926a(i); see also SSR 09-4p, 2009 WL 396033, at *2.

In finding that Plaintiff had less than marked limitations in this domain, the ALJ noted that educational records confirm poor academic performance, as the Plaintiff obtains varying grades and is ranked 52 out of 58 students, which may be attributable in part to impaired attention. (Tr. 936) The ALJ also noted that Plaintiff requires academic accommodations by way of a 504 plan for seizures, which includes extra time on assessments, as the claimant may be slow to process information prior to having a seizure. The ALJ further noted that Plaintiff had been distractable during a consultative examination, with slow motor activity, restlessness, fast speech, and decreased attention and concentration (Tr. 464, 936).

The ALJ also found that Plaintiff remains in the regular classroom setting and has never been held back a grade. (Tr. 936). Despite attention issues, the ALJ noted that she has been able to play basketball and work part-time in a restaurant, bussing tables Id. Additionally, she is able to play video games and watch movies, albeit with breaks in order to prevent seizures, as well as read books, prepare simple meals and snacks, go trick or treating, attend a haunted house, run errands, care for her personal hygiene, do limited household chores, and attend a football game - activities that would require some level of sustained attention and concentration. Id. Given this evidence, the ALJ found less than marked limitation in attending and completing tasks.

6

Plaintiff argues that the record demonstrates that she has significant difficulties with focus, attention, and task completion, even in structured settings with substantial accommodations. In this regard, Plaintiff contends that in concluding that she had less than a marked limitation in attending and completing tasks, the ALJ supported "his lay opinion with cherry-picked statements from the record". (Doc. 11 at 8). Namely, Plaintiff claims the ALJ's analysis regarding her abilities draws inaccurate conclusions and glosses over the evidence of the record that substantiates a finding that she has "marked" limitations in the domain of "attending and completing tasks." As such, Plaintiff argues that the ALJ's conclusory determination fails to provide a clear and logical bridge to subsequent readers of how he made his determinations regarding the effect of the Plaintiff's impairments on each of the domains. See *Morris v. Secretary of Health & Human Servs.,* Case No. 86–5875, (6th Cir. Apr.18, 1988) ("When an ALJ fails to mention relevant evidence in his decision, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.").

Plaintiff also argues that the ALJ failed to properly consider the impact of Plaintiff's absences on her ability to complete tasks. Last, Plaintiff argues that the ALJ improperly relied on the opinions of the State agency consultants, who found less than marked limitations in attending and completing tasks. These opinions are outdated and failed to account for nearly three years of additional medical and educational records documenting Plaintiff's ongoing impairments. As outlined below, Plaintiff's contentions lack merit.

As noted by the Commissioner, arguments that the ALJ mischaracterized or cherry-picked the record are seldom successful, because the same process can be described more neutrally as weighing the evidence and because crediting such

7

arguments would require the Courts to reweigh the evidence. S*ee DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (noting that "cherry picking" allegations are seldom successful because crediting them would require courts to re-weigh record evidence*); White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("we see little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence."); *Downs v. Comm'r of Soc. Sec.,* 2020 WL 1684811, at *6 (S.D. Ohio Apr. 7, 2020), R. & R. adopted sub nom. *Downs v. Comm'r of Soc. Sec.*, 2020 WL 2216861 (S.D. Ohio May 7, 2020) ("The argument that the ALJ mischaracterized or 'cherry-picked' the record is frequently made and seldom successful, because 'the same process can be described more neutrally as weighing the evidence.'") (citations omitted).

More importantly, the fact that some evidence may support a contrary result does not take away from the fact that ALJ's findings are substantially supported. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."). As noted above, it is well established that the Court may not reverse so long as the ALJ's analysis falls within a "zone of choice," a standard that is met here.

Here, when considered as a whole, the ALJ determined that the record as a whole did not support marked limitations in her ability to attend and complete tasks. (Tr. 936-937). See 20 C.F.R. § 416.926a(h)(3) ("we will consider all of the relevant information in your case record when we decide whether your medically determinable impairment(s) results in a 'marked' or 'extreme' limitation in this domain."). As outlined above, in so concluding, the ALJ found that Plaintiff had been distractable during a

consultative examination, with slow motor activity, restlessness, fast speech, and decreased attention and concentration. (Tr. 464, 936). The ALJ also noted her poor academic performance in educational records with varying grades and a ranking of 52 out of 58 students, as well as academic accommodations in a 504 plan for seizures, which included extra time on assessments to accommodate any slow processing of information before a seizure. (Tr. 936, citing Tr. 50, 202-211, 1160-1172).

The ALJ also noted that Plaintiff's daily activities require some level of sustained attention and concentration. He also cited to exam findings and treatment records showing Plaintiff was alert, oriented, and able to maintain sufficient concentration to participate in mental status examinations and neurocognitive testing. (Tr. 936).

The ALJ further considered the December 2019 and January 2020 findings of the state agency medical consultants that Plaintiff had less than marked limitations in attending and completing tasks (Tr. 937; see also Tr. 66, 73). Notably, the ALJ found that those opinions are largely consistent with the remaining evidence of record, "namely subsequently submitted medical, behavioral, and educational records," which contain evidence of varying to poor academic performance, likely attributable in part to significant absenteeism, receipt of generally mild, limited educational supports by way of a 504 plan, improved psychiatric symptoms with individual therapy, and decreased seizure frequency with medication compliance. (Tr. 938) (internal citations omitted). Despite Plaintiff's argument to the contrary, the ALJ properly evaluated their findings in light of the later obtained record evidence.

As properly noted by the Commissioner, Plaintiff is purportedly asking the Court to reconsider and reweigh the evidence to come to a difference conclusion. That is not the Court's duty on review. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The

findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."); T*rammell v. Comm'r of Soc. Sec.*, 2015 WL 1020211, at *6 (S.D. Ohio Mar. 9, 2015) ("That the evidence could be interpreted to support either a 'marked' or a 'less than marked' finding does not mean that it must be interpreted in Plaintiff's favor."). Because substantial evidence supports the ALJ's finding that Plaintiff had less than marked limitation in attending and completing tasks, the Court should affirm it and dismiss Plaintiff's claim of error in this regard. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) ("There is substantial evidence in the record as a whole to support the ALJ's determination that Combs is not disabled"). As such, the ALJ's decision should not be disturbed.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and this case is **CLOSED.**

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

10